IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE G. FIKES,<br>               Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No. 08-1241<br>) District Judge Donetta W. Ambrose |
| SUPERINTENDENT LOUIS FOLINO,<br>Warden of Greene; FIRE AND<br>INSPECTOR SUPERVISOR,<br>               Defendants. | ) Magistrate Judge Amy Reynolds Hay<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

        It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.     REPORT

        The plaintiff, Terrance G. Fikes, has presented a civil rights complaint against Superintendent Louis Folino, the Warden of the State Correctional Institution at Greene ("SCIG") where plaintiff is currently incarcerated, and the "Fire and Inspector Supervisor." Plaintiff alleges that his Constitutional rights have been violated due to the unsafe conditions at SCIG, citing to the fact that he injured himself when he fell off the top bunk.

        On September 24, 2008, this court issued an order advising plaintiff that he failed to submit either a motion to proceed *in forma pauperis* or the requisite filing fee of $350.00, or a selection form indicating whether he consents to have a U.S. Magistrate Judge conduct all proceedings in the case. Plaintiff was given until October 8, 2008 to submit the appropriate paperwork [Dkt. 2]. To date, plaintiff has failed to respond or given any other indication that he

wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's order and weigh heavily against him as his failure to submit the requisite paperwork so that his case can move forward is not only solely his personal responsibility but his failure to do so even four weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's order -- there appears to be no specific prejudice to defendants as the complaint has not yet been filed or served. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is

warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since plaintiff is currently incarcerated and has failed to submit the requisite filing fee, it does not appear that monetary sanctions are appropriate. Moreover, as evidenced by his failure to submit the paperwork necessary to the progress of his case, it appears that plaintiff has no serious interest in pursuing this case and dismissal is the most appropriate action for the court to take. As such, it is respectfully recommended that the case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 5 November, 2008

cc: Terrance G. Fikes
FH-9238
SCI Greene
175 Progress Drive
Waynesburg, PA 15370